[Cite as *State v. Beyer*, 2012-Ohio-4578.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| JOSEPH C. BEYER | : | Case No. 12-CA-27 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
                                Case No. 11CRB1418


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               September 24, 2012


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

J. MICHAEL KING                          CHRISTOPHER M. SHOOK
35 South Park                            33 West Main Street
Suite 35                                 P.O. Box 4190
Newark, OH  43055                        Newark, OH  43058-4190

*Farmer, J.*

{¶1} On July 11, 2011, appellant, Joseph Beyer, was charged with one count of using a weapon while intoxicated in violation of R.C. 2923.15, one count of domestic violence in violation of R.C. 2919.25, and one count of menacing in violation of R.C. 2903.22. The weapon charge arose from an incident wherein appellant opened the front door of his home and pointed a rifle at the persons banging on the door, two police officers.

{¶2} The latter two charges were subsequently dismissed. On September 23, 2011, appellant filed a motion to dismiss the remaining charge, claiming the charge as applied in his case violated his rights under the Second Amendment. A hearing was held on October 20, 2011. The trial court denied the motion.

{¶3} A jury trial commenced on February 23, 2012. The jury found appellant guilty as charged. By judgment entry filed same date, the trial court sentenced appellant to one hundred days in jail, one hundred twenty days suspended.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE APPLICATION OF THE WEAPONS UNDER INTOXICATION STATUTE TO THESE FACTS VIOLATES THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION."

II

{¶6} "THE TRIAL COURT PERMITTED UNDULY PREJUDICIAL TESTIMONY IN CONTRAVENTION OF EVIDENCE RULE 403."

III

{¶7} "THE TRIAL COURT REFUSED TO INSTRUCT THE JURY AS REQUESTED BY THE DEFENDANT."

IV

{¶8} "THE VERDICT IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶9} Appellant claims the trial court erred in denying his motion to dismiss as the charge of using a weapon while intoxicated as it applies in his case violates his rights under the Second Amendment. We disagree.

{¶10} Appellant was charged with using a weapon while intoxicated in violation of R.C. 2923.15 which states, "[n]o person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance."

{¶11} The Second Amendment to the United States Constitution states, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

{¶12} Appellant argues the case of *District of Columbia v. Heller* (2008), 554 U.S. 570, speaks specifically to his challenge to the charge. In *Heller,* the respondent was a special police officer authorized to carry a handgun while on duty. *Heller,* at 575. Respondent applied for a registration certificate for a handgun to keep at his home, but was denied. Id. Respondent filed a lawsuit on Second Amendment grounds, seeking "to enjoin the city from enforcing the bar on the registration of handguns, the licensing requirement insofar as it prohibits the carrying of a firearm in the home without a

license, and the trigger-lock requirement insofar as it prohibits the use of 'functional firearms within the home.' " Id. at 576. The *Heller* court concluded the following:

{¶13} "In sum, we hold that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home." Id. at 635.

{¶14} The first question in analyzing Second Amendment rights vis-à-vis an as-applied challenge is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." *United States v. Staten* (2011), 666 F.3d 154. Applying the dicta of *Heller,* we conclude this inquiry should be answered in the negative:

{¶15} "2. Like most rights, the Second Amendment right is not unlimited. It is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose: For example, concealed weapons prohibitions have been upheld under the Amendment or state analogues. The Court's opinion should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. *Miller*'s holding that the sorts of weapons protected are those 'in common use at the time' finds support in the historical tradition of prohibiting the carrying of dangerous and unusual weapons." *Heller,* at 571; 626-627.

{¶16}  The *Heller* court further stated at 595:

{¶17}  "There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms.  Of course the right was not unlimited, just as the First Amendment's right of free speech was not, see, *e.g., United States v. Williams,* 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008).  Thus, we do not read the Second Amendment to protect the right of citizens to carry arms for *any sort* of confrontation, just as we do not read the First Amendment to protect the right of citizens to speak for *any purpose.*  Before turning to limitations upon the individual right, however, we must determine whether the prefatory clause of the Second Amendment comports with our interpretation of the operative clause."

{¶18}  The prohibition of using a weapon while intoxicated, even within the confines of one's private residence, conforms to the above cited dicta.  Without a finding of a "burden," we may end our inquiry.

{¶19}  Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶20}  Assignment of Error I is denied.

II

{¶21}  Appellant claims the trial court erred in permitting testimony of him pointing his rifle at the police officers as the testimony was unduly prejudicial under Evid.R. 403.  We disagree.

{¶22}  The admission or exclusion of evidence rests in the sound discretion of the trial court.  *State v. Sage* (1987), 31 Ohio St.3d 173.  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary

or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶23} "Relevant evidence" "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

{¶24} Evid.R. 403 states:

{¶25} "**(A) Exclusion mandatory**

{¶26} "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

{¶27} "**(B) Exclusion discretionary**

{¶28} "Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

{¶29} The direct evidence of what occurred at appellant's residence and why he was arrested for using a weapon while intoxicated was relevant and meets the standard imposed by Evid.R. 401.

{¶30} Appellant argues the testimony that he pointed his rifle at police officers was unfair and "was likely to arouse the jury's passions to a point where they would act irrationally in reaching a verdict." Appellant's Brief at 15. However, we find the act of answering a door with a rifle when police are there lawfully bears directly upon the issue of appellant's intoxication.

{¶31} Upon review, we find the trial court did not abuse its discretion in permitting the complained of testimony.

{¶32} Assignment of Error II is denied.

III

{¶33} Appellant claims the trial court erred in refusing to give his requested jury instructions. We disagree.

{¶34} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Martens* (1993), 90 Ohio App.3d 338; *Blakemore,* supra. Jury instructions must be reviewed as a whole. *State v. Coleman* (1988), 37 Ohio St.3d 286.

{¶35} Appellant argues the trial court erred in not instructing the jury as requested:

{¶36} "The Defendant is not charged with any crime for allegedly pointing a weapon at the police officers. A person, if not intoxicated, may legally possess a gun in these circumstances.

{¶37} "In this case, the State of Ohio did not conduct any tests to determine whether the defendant was intoxicated. Even if the government did not act in bad faith, you may draw a negative inference from the failure to preserve this evidence or conduct these tests. This means that you may infer from the government's failure to conduct these tests that the results of the tests would have produced evidence adverse to the government's case. (*See Arizona v. Youngblood* (1988), 488 U.S. 51, 57-58.)" Defendant's First Set of Requested Jury Instructions filed September 6, 2011.

{¶38} Appellant argues the first requested instruction would have been cautionary and would have cleared up any misapplication of the evidence as argued in Assignment of Error II. It was very clear that the charge was using a weapon while intoxicated and not menacing or threatening the police. T. at 211-212.

{¶39} As to the second requested instruction, we find it was not a discussion of the law, but an argument relative to the sufficiency of the evidence.

{¶40} Upon review, we find the trial court did not err in refusing to instruct the jury as requested by appellant.

{¶41} Assignment of Error III is denied.

IV

{¶42} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.

{¶43} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.

{¶44} Appellant was convicted of using a weapon while intoxicated in violation of R.C. 2923.15 cited supra.

{¶45} On June 11, 2011, Pataskala Police Officers Alex Colles and Joshua McGeorge went to appellant's residence to arrest him on outstanding charges. T. at 67-68, 150. Upon arriving, the officers knocked on the door repeatedly, but no one answered the door. T. at 70. The officers then pounded and banged on the door and announced their presence. T. at 70-71, 151. Officer McGeorge saw someone look out a window and then the door opened. T. at 151. Appellant was standing there pointing a rifle at the officers. T. at 72. Officer Colles grabbed the rifle and took appellant to the ground. T. at 72, 152. Officer Colles noticed an extreme odor of alcohol about appellant's person and his breath, and noticed slurred speech. T. at 75. Officer McGeorge also detected an odor of alcohol. T. at 160. Officer Colles stated "the odor of alcohol was also building up in the cruiser." T. at 77.

{¶46} Appellant's father, Joseph Beyer, and his girlfriend, Christine Nelson, testified appellant did not appear intoxicated on the evening in question and did not have slurred speech. T. at 169-170, 185-186. However, they did not see appellant between 10:00 p.m. and 2:00 a.m., the time of the police encounter. T. at 170, 176, 191.

{¶47} Upon review, we find no indication that the jury lost its way in determining the facts and assigning credibility to the witnesses. We find sufficient evidence of using a weapon while intoxicated, and no manifest miscarriage of justice.

{¶48} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


s / Sheila G. Farmer_____


 s / W. Scott Gwin_____


s / William B. Hoffman _____

JUDGES

SGF/sg 9/11

[Cite as *State v. Beyer*, 2012-Ohio-4578.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH C. BEYER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-27 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed.  Costs to appellant.


s / Sheila G. Farmer_____


 s / W. Scott Gwin____ _____


s / William B. Hoffman _____

JUDGES